UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA

v.

JORGE LOUIS GONZALEZ,

               Defendant.

**DECISION AND ORDER**
04-CR-191A

---

## INTRODUCTION

On April 5, 2010, defendant Jorge Louis Gonzalez filed a motion to expunge his criminal record from this case. Because the governing case law addresses Mr. Gonzalez's request directly, responding and reply papers are unnecessary. For the reasons below, the Court will deny the motion.

## BACKGROUND

On July 30, 2004, Mr. Gonzalez pled guilty to one count of threatening to use explosives in violation of 18 U.S.C. § 844(e). On October 29, 2004, he was sentenced to two years of probation without special conditions of supervision. Over five years later, on April 5, 2010, Mr. Gonzalez filed the pending motion. In his brief motion papers, Mr. Gonzalez mentioned that he moved to Naples, Florida in late 2008, married, and now has a new 6-month old son. Mr. Gonzalez explained further that he has had numerous opportunities to seek employment but that each opportunity ultimately fails because employers discover his

conviction during background checks and distance themselves from him. Mr. Gonzalez now seeks expungement of his conviction from his criminal record because "I want my life back and I understand that it was a serious mistake that I made but I humbly ask you to give me an opportunity to be able to work so I can support my children."

## DISCUSSION

"[E]xpungement lies within the equitable discretion of the court, and relief usually is granted only in 'extreme circumstances.' In determining whether such circumstances exist, courts have considered the delicate balancing of the equities between the right of privacy of the individual and the right of law enforcement officials to perform their necessary duties." *U.S. v. Schnitzer*, 567 F.2d 536, 539 (2d Cir. 1977) (internal quotation marks and citations omitted). "In considering these equities, courts must be cognizant that the power to expunge is a narrow one, and . . . should be reserved for the unusual or extreme case." *Id.* at 539 (internal quotation marks and citation omitted). Here, Mr. Gonzalez's case concluded without the types of legal defects or constitutional concerns that made expungement appropriate in *Schnitzer*. The only reason that Mr. Gonzalez has presented for expungement is difficulty in finding employment. The Court certainly understands Mr. Gonzalez's desire to distance himself from his past conduct and "to get a good job and work, go to school and just live my life," but this desire by itself does not justify expungement. *See, e.g., U.S. v. Gaskin*, No.

99-CR-0158, 2010 WL 1221589, at *2 (E.D.N.Y. Mar. 25, 2010) ("While Defendant['s] record has caused him difficulty in finding employment—and even though he currently has the opportunity to become employed pending his record's expungement—adverse employment decisions are a result of arrest and conviction, and do not constitute grounds for expungement.") (citations omitted); *Slansky v. White*, No. 96 CIV. 2338, 1996 WL 312401, at *2 (S.D.N.Y. June 10, 1996) ("The sole ground for [the former defendant's] motion, the potential adverse effect on his future employment, provides insufficient justification, *per se*, for the expungement of his arrest record.") (citations omitted).

The long-held rules about expungement do not mean, however, that the Court cannot express sympathy for Mr. Gonzalez's situation. Mr. Gonzalez's motion papers are brief, but taken at face value, they express his wish to distance herself from bad decisions that he made in his life, for which he has paid a price. An essentially identical situation presented itself in *U.S. v. James*, No. 97 CR 715, 2003 WL 21056989 (E.D.N.Y. Feb. 13, 2003), and a quotation from that case is appropriate here:

> For the reasons set forth above, plaintiff's motion for expungement must be denied. Unfortunately for plaintiff, if there is some force that will permit her to move on and put the lingering effects of her conviction behind her, it is not the law, but rather the willingness of an employer to display enough understanding and wisdom to recognize that defendant has paid her debt to society. While the law does not go so far as to erase the records of a youthful lapse in judgment, neither does it envision that she will be forever branded as a pariah and precluded from fully contributing to the fabric of society

3

> . . . . To merely pay lip service, however, to the tenet of "paying one's debt to society" and to continue to regard that debt as never to be absolved is socially self-defeating and morally wanting. Despite having found no basis upon which to grant plaintiff's motion for expungement, this Court is nevertheless prompted to express the same hope it did in [*In re Farkas*, 783 F. Supp. 102 (E.D.N.Y. 1992)], that prospective employers will not look askance upon [her].

*James*, 2003 WL 21056989, at *2.

## CONCLUSION

For all of the foregoing reasons, Mr. Gonzalez's motion is denied.

SO ORDERED.

                                *s/ Richard J. Arcara*
                                HONORABLE RICHARD J. ARCARA
                                UNITED STATES DISTRICT JUDGE

DATED: April 12, 2010